**BUNGE CORPORATION, Appellant,**

v.

**PERRYVILLE FEED & PRODUCE, INC., Respondent.**

No. 66308.

Supreme Court of Missouri, En Banc.

Feb. 26, 1985.

Stephen C. Wilson, Jackson, for appellant.

---

Dennis C. Brewer, Perryville, for respondent.

BLACKMAR, Judge.

This case involves the constitutional validity of § 435.460, RSMo 1983 Supp., in a matter which is within the coverage of the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

The plaintiff-appellant is a New York corporation. On July 15, 1983, the plaintiff entered into a contract to purchase from the defendant-respondent 500 bushel of # 1 yellow soybeans for a price of $6.48 per bushel. The soybeans were to be delivered to the plaintiff at Cairo, Illinois. The contract contained the following provision:

The terms of this confirmation are subject in all respects to the rules and regulations of the exchange, board, or association designated above. If the seller is not a member of the said exchange, board or association, then the rules and regulations of the National Grain and Feed Association shall govern. Buyer and Seller agree that all disputes and controversies between them with respect to this confirmation shall be arbitrated according to said rules and regulations, and that judgment may be entered on the arbitration award in any court of competent jurisdiction.

The plaintiff, on June 13, 1984 filed in the court below a pleading entitled "Application to Confirm Arbitration Award." It was alleged that the defendant failed to deliver the soybeans as required, that the plaintiff then sought arbitration in accordance with the rules of the National Grain and Feed Association, that the defendant refused to participate in the arbitration, and that a default award was rendered in favor of the plaintiff in the amount of $5,876.86. Judgment for that amount and costs was prayed for.

The defendant filed a Motion to Dismiss, alleging three grounds. The trial court overruled ground one, which asserted that the plaintiff should have brought an action to compel arbitration rather than proceeding to default, and ground three, claiming that the defendant was disadvantaged because the arbitration hearing was to be held in Washington, D.C., but sustained the motion on ground two, reading as follows:

2. The Plaintiff failed to give to the Defendant proper notice of arbitration, since the contract of the Plaintiff as shown on the Exhibit on the Plaintiff's application to confirm arbitration award did not contain the following language: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." Contrary to Section 435.460 RSMo.1980. The defendant complained of a lack of notice but the Plaintiff proceeded to arbitration and claims to have obtained a default against the Defendant.

The plaintiff appealed directly to this Court inasmuch as the validity of a Missouri statute under the Supremacy Clause of the Constitution of the United States (Art. VI, Clause 2) is involved.

The contract between the plaintiff and the defendant, calling for the delivery by the Missouri defendant of soybeans to the plaintiff in Cairo, Illinois, is manifestly "a contract evidencing a transaction involving commerce" within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1–14. 9 U.S.C. § 2 reads as follows:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The Federal Arbitration Act was adopted in 1925. As to transactions within its compass, it does away with the common law proposition that an executory agreement to arbitrate, as distinguished from an agree-

ment to submit a particular dispute to arbitration, is unenforceable. With or without the Missouri statute, the defendant could be compelled to arbitrate a dispute under the soybean contract in accordance with the federal act. *Cf. State ex rel. St. Joseph Light & Power Co. v. Donelson,* 631 S.W.2d 887 (Mo.App.1982).

Missouri's arbitration act was adopted in 1980. (RSMo § 435.350–435.470). Prior to that time Missouri adhered to the common law rule of unenforceability of executory agreements to arbitrate. *Jenks v. Jenks,* 385 S.W.2d 370 (Mo.App.1964). The Missouri statute is based on the Uniform Arbitration Act as adopted by the Commissioners on Uniform State Laws, but it contains a provision not found in the Uniform Act, as follows:

> Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

It is clear that § 435.460, if applied to this case, seeks to impose a requirement for contracts to arbitrate which is in addition to the requirements of the Federal Arbitration Act. All that is apparently required under that act is contractual language and format sufficient for an ordinarily written contract. *Medical Development Corp. v. Industrial Molding Corp.,* 479 F.2d 345 (10th Cir.1973). If the Missouri statute applies, then a commercial contract sufficient under federal law would be in violation.

■ There is a manifest violation of the supremacy clause if our statute is so applied. The Federal Arbitration Act was passed by Congress pursuant to its power to regulate interstate commerce (U.S. Const. Art. I, Sec. 8, Clause 3). Any requirement of state law which adds a burden not imposed by Congress is in derogation of the Congressional power, and pro tanto invalid. A very recent case so holding is *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), in which the state of California sought to require judicial consideration of claims arising under a statute regulating franchise investments. The Supreme Court held that the California statute could not bar an arbitration remedy under a contract which is within the coverage of the Federal Arbitration Act.

To the same effect is *Collins Radio Company v. Ex-Cell-O Corporation,* 467 F.2d 995, 999 (8th Cir.1972), holding that a Texas statute requiring "counsels' signature" on an arbitration agreement could not be applied to contracts within the coverage of the federal statute. The opinion states as follows:

> In sum, special state laws or decisions governing the validity of arbitration agreements *do not apply* when those agreements are contracts, or parts of contracts, 'evidencing a transaction involving [interstate or foreign] commerce.' ... (Emphasis added.)

■ We do not hold that the Missouri statute is unconstitutional. We simply hold that it may not be applied to defeat the arbitration provision of a contract which is within the coverage of the federal statute. We do not have to decide, and we do not decide, whether an arbitration agreement governed by Missouri law is unenforceable in all events if the mandatory language of § 435.460 is not included in the type style required. We simply hold that the trial court erred in sustaining the motion to dismiss on the ground assigned.

■ Defendant's counsel argued that the federal statute cannot be applied to a proceeding in the Missouri courts. This clearly is not so. An action under the Federal Arbitration Act may be brought in a state court. *State ex rel. St. Joseph Light and Power Co. v. Donelson, supra.* The court under the supremacy clause is obliged to apply federal law, and may not apply state law, substantive or procedural, which is in derogation of federal law. *Moses H. Cone Memorial Hosp. v. Mercury*

*Const. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). We have no occasion to decide whether the plaintiff has complied with the federal procedural requirements, or whether the defendant has other defensive matters. Those issues are for the trial court to resolve on remand.

The order of dismissal is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

All concur.