## BROOKFIELD R–III SCHOOL DISTRICT, Respondent,

v.

## TOGNASCIOLI GROSS JARVIS KAUTZ ARCHITECTS, INC., Appellant.

### No. WD 46304.

Missouri Court of Appeals, Western District.

Jan. 12, 1993.

---

G. William Quatman, Kurt D. Tilton, Sughart Thomson & Kilroy, Kansas City, for appellant.

Harold W. Mitts, Jr., Svoboda and Mitts, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Brookfield R–III School District filed suit against Tognascioli Gross Jarvis Kautz Architects, Inc., (TGJK), for damages arising out of a contract by which TGJK performed architectural services for Brookfield in the construction of a school building. The court sustained a motion by Brookfield to stay arbitration and TGJK has appealed contending that arbitration was required under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Reversed and remanded.

Brookfield and TGJK entered into an agreement in April 1986 by which TGJK agreed to perform architectural services for the construction of a high school in Brookfield. The agreement was a standard form of agreement between an owner and architect as promulgated by the American Institute of Architects. Article 9 of the agreement provided that "All claims disputes and other matters in question between the parties to this agreement, arising out of or relating to this agreement or the breach thereof, shall be decided by arbitration...."

A dispute arose between the parties concerning the condition of a concrete drive. As a result Brookfield filed suit against TGJK and two other parties in 1990 for damages. In its answer TGJK pleaded the arbitration article in the agreement and alleged that the issues presented by the lawsuit were not properly before a judicial forum but were to be decided by arbitration.

Brookfield dismissed its cause of action as to the other parties which left TGJK as the only defendant. Thereupon, Brookfield filed an application to stay arbitration proceedings. In response thereto, TGJK filed an application to compel arbitration and to stay the pending suit. The court entered an order sustaining the application to stay arbitration and overruled TGJK's application to compel arbitration and to stay the lawsuit.

The denial of an application to compel arbitration is appealable. 9 U.S.C. § 16, § 435.440.1(1), RSMo 1986.

The principal question presented by the parties is whether or not the contract between Brookfield and TGJK involves commerce so as to invoke the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Herschel Tognascioli submitted an affidavit to the trial court in which he stated that he was the project architect for the project in question. He stated that he specified certain materials and equipment for the project which were manufactured outside of the State of Missouri. The affidavit listed the specification sections and some of the manufacturers and their out-of-state addresses which had been specified for use in the construction. The affidavit also listed several subcontractors and suppliers for the construction project which were located out-of-state. The affidavit stated the suppliers shipped construction materials across state lines and their employees crossed

state lines to perform work on the project. Brookfield does not dispute that materials used in the project moved in interstate commerce and that personnel crossed state lines to build the building.

In *R.J. Palmer Constr. Co. v. Wichita Band Instrument Co.*, 642 P.2d 127, 131[7] (Kan.App.1982), the court stated "courts have consistently held that contracts to design and construct buildings entirely within a state between parties domiciled in the state may involve commerce and fall within the scope of the Federal Arbitration Act when construction materials come from other states." The same holding was stated in *Northwest Mechanical, Inc. v. Public Utilities Comm'n*, 283 N.W.2d 522, 523–24[1] (Minn.1979), "Though two Minnesota entities are parties to this arbitration, the federal arbitration statute, 9 U.S.C. § 1 et seq., applies to this case because construction materials for this project came from all over the country."

Brookfield has not cited and this court has not located any case holding that construction projects involving the use of materials shipped to the project in interstate commerce and utilizing personnel which crossed state lines to work on the project did not involve interstate commerce within the contemplation of the Federal Arbitration Act (FAA). Clearly, the project in this case involved commerce and as such triggered the application of the FAA.

Brookfield contends that no interstate commerce is involved in its pending dispute with TGJK because the two entities are both in Missouri and for that reason the FAA does not apply in this dispute. Brookfield overlooks the provision of the arbitration article which provides that all disputes between the parties arising out of or relating to the agreement or the breach thereof shall be decided by arbitration. The contract is single and cannot be broken down into segments consisting of individual disputes. Because the contract involves commerce, the FAA is applicable and under the provision of the arbitration article all disputes are to be decided by arbitration. Thus, even if the present dispute does not involve commerce, the contract does involve commerce and this dispute is subject to arbitration. For that reason the dispute between Brookfield and TGJK is subject to the arbitration article.

The FAA applies to the contract in question and the trial court is required to apply the federal law of arbitration. *Bunge Corp. v. Perryville Feed & Produce, Inc.*, 685 S.W.2d 837, 839[3, 4] (Mo. banc 1985). However, Brookfield contends that the contract provided that it would be governed by the law of Missouri. It contends that under *Volt Info. Sciences, Inc. v. Bd. of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), the court can apply state law to determine the procedures to be followed in a case involving the FAA. Brookfield contends that because the agreement in this case did not contain a notice that the contract contained a binding arbitration clause as required by § 435.460, RSMo 1986, arbitration is not required because under *Volt* state procedures can be invoked and under the state procedure in Missouri the contract failed to contain the requisite notice and therefore arbitration may be denied.

Brookfield seriously misreads *Volt*. *Volt* held that an action in a California state court involving a contract subject to the FAA could be stayed under California procedure until related litigation had been concluded. Brookfield's argument would preclude arbitration in this case under state law even though the contract involves commerce and the litigation involving the contract is thereby subject to the FAA. In *Volt* the court stated:

> In recognition of Congress' principal purpose of ensuring that private arbitration agreements are enforced according to their terms, we have held that the FAA preempts state laws which "require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 US 1, 10, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984).

489 U.S. at 478, 109 S.Ct. at 1255.

While the parties may agree that arbitration under the FAA may proceed according

to state rules of procedure, under *Volt* the application of state rules of procedure may not be applied to deny arbitration. In *Volt,* state procedures were not applied in such a manner as to deny arbitration, but simply to delay arbitration until related litigation had been decided.

In this case, Brookfield would invoke Missouri law to deny arbitration because the contract did not contain the notice concerning arbitration required by Missouri law. Under *Volt,* this would be a denial of arbitration of a contract subject to the FAA. Such a result is prohibited by *Volt.*

Brookfield finally contends that TGJK has waived its right to arbitration. In *Berhorst v. J.L. Mason of Missouri, Inc.,* 764 S.W.2d 659, 662[3] (Mo.App.1988), the court stated the requirements to demonstrate waiver as: "(1) had knowledge of the existing right to arbitrate; (2) acted inconsistent with that existing right; and (3) prejudiced the party opposing arbitration by such inconsistent acts."

Brookfield contends that this lawsuit had been litigated for fifteen months prior to TGJK seeking to invoke its right to arbitration. The record does not reveal that any activity has taken place in the pending litigation with the exception of the dismissal of two parties by Brookfield. There is no showing of any discovery activity nor any other litigation procedures. TGJK asserted the contract provision relating to arbitration in its answer to Brookfield's suit. The burden is on Brookfield to demonstrate that TGJK has waived its right to arbitration. The record is barren of any evidence of inconsistent acts by TGJK which have prejudiced Brookfield. Brookfield has failed to carry its burden to show TGJK has waived its right to arbitration.

The agreement between the parties is subject to the FAA and contains an agreement that all disputes arising between the parties shall be decided by arbitration. The order staying arbitration is reversed and this cause is remanded to the trial court with directions to overrule the motion to stay arbitration, to sustain the application of TGJK to compel arbitration and to order that the matters in controversy between the parties be decided by arbitration under Article 9 of their agreement. The court shall also order that the litigation be stayed.

All concur.