**WOERMANN CONSTRUCTION COMPANY, Plaintiff–Respondent,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant–Appellant.**

**No. 61815.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 9, 1993.

Christian A. Bourgeacq, St. Louis, for defendant-appellant.

Leritz, Plunkert & Bruning, P.C., Joseph L. Leritz, James C. Leritz, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant Southwestern Bell Telephone Company (Southwestern Bell), appeals a final order of the Circuit Court of the City of St. Louis granting the application of plaintiff, Woermann Construction Company (Woermann), under section 435.355.2, RSMo 1986, to stay an arbitration proceeding commenced by appellant. The dispositive issue on appeal is whether the Federal Arbitration Act pre-empts the Missouri Arbitration Act because the subject matter of the contract in dispute "involves commerce." Reversed and remanded.

The facts of the case are not in dispute. On March 20, 1986, Woermann entered into a contract with Southwestern Bell to renovate Southwestern Bell's data center located in St. Louis, Missouri. Part of the contract required that Woermann install an electrical bus duct in a vault under the sidewalk fronting the data center. Pursuant to the contract, Woermann installed the bus duct. In March of 1989, an explosion occurred in the bus duct. The explosion was apparently caused by water leaking into the duct.

On July 24, 1991, Southwestern Bell commenced an arbitration proceeding against Woermann pursuant to a mandatory arbitration clause contained in the contract. Woermann moved to stay the arbitration claiming the arbitration clause invalid under Missouri law in that it did not conform to the mandatory requirements of section 435.460, RSMo 1986. The arbitration clause in the construction contract provides:

7.9 ARBITRATION

7.9.1 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof; shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agree otherwise. The award rendered by the arbitrators shall be. final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

7.9.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Owner–Contractor Agreement and with the American Arbitration Association, and a copy shall be filed with the Architect.

7.9.3 Unless otherwise agreed in writing, the Contractor shall carry on the Work and maintain its progress during any arbitration proceedings, and the Owner shall continue to make payments to the Contractor in accordance with the Contract Documents.

On December 21, 1991, the trial court applied Missouri law to the dispute and granted the stay of arbitration. The trial court based its decision to apply the Missouri Arbitration Act on the local nature of the construction contract performed by a Missouri corporation for a Missouri corporation in Missouri. This appeal followed the final order to stay the arbitration.

■ Missouri law clearly renders the arbitration provision in the contract invalid. The Missouri Arbitration Act, sections 435.-350–.470, RSMo 1986, enacted by the Missouri legislature in 1980, requires contracts containing arbitration provisions conform to its requirements. Section 435.460, RSMo 1986 provides:

> Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

Without the ten point notice, the arbitration provision will not be enforced. *Hefele v. Catanzaro*, 727 S.W.2d 475, 476–77 (Mo. App.1987). This rule is not contained in the Uniform Arbitration Act and is peculiar to Missouri. *Id.* at 477.

■ The language required by the Missouri Arbitration Act is not required by the Federal Arbitration Act. All that is required under the Federal Arbitration Act is language sufficient for an ordinarily written contract. *Bunge Corp. v. Perryville Feed & Produce*, 685 S.W.2d 837, 839 (Mo. banc 1985). As such, the arbitration provi-

sion contained in the contract is invalid under Missouri law but valid under federal law. The issue presented is whether the Federal Arbitration Act pre-empts the Missouri act under the circumstances of this case.

■ "The Federal Arbitration Act was passed by Congress pursuant to its power to regulate interstate commerce (U.S. Const. Art. I, Sec. 8, Clause 3). Any requirement of state law which adds a burden not imposed by Congress is in derogation of the Congressional power, and pro tanto invalid." *Bunge*, 685 S.W.2d at 839. The Federal Arbitration act applies to contracts between parties that "involve commerce." 9 U.S.C. § 2. The act defines "commerce" as "commerce among the several states ..." *Id.* at § 1. The federal courts have construed the meaning of "involving commerce" broadly. A contract comes under the Federal Arbitration Act so long as it simply relates to interstate commerce. *Del E. Webb Const. v. Richardson Hosp. Authority*, 823 F.2d 145, 147 (5th Cir.1987); *Mesa Operating Ltd. Partnership v. Louisiana Interstate Gas Corp.*, 797 F.2d 238, 243 (5th Cir.1986). The relationship to commerce need not even be substantial. *Del E. Webb*, 823 F.2d at 147. A contract involves commerce under the Federal Arbitration Act in situations where large quantities of materials are purchased from suppliers in other states. *Starr Elec. Co. v. Basic Const. Co.*, 586 F.Supp. 964, 966 (M.D.N.C.1982). Further, contracts to be performed within one state have been found to involve commerce when the contracting parties are from different states; the U.S. postal system is used; or the materials are transported over state borders. *Mesa*, 797 F.2d at 243; *Ideal Unlimited Services v. Swift–Eckrich, Inc.*, 727 F.Supp. 75, 76 (D.P.R.1989).

A recent decision in the Western District of this court held that a construction contract between two Missouri parties for construction in Missouri involved interstate commerce where employees crossed state lines and the material was shipped from out of state. *Brookfield R–Ill School Dist. v. Tognascioli Gross Jarvis Kautz Architects*, 845 S.W.2d 103, 104 (Mo.App.

1993). Accordingly, the court invoked the Federal Arbitration Act over the Missouri act and dispensed with the Missouri requirement for a notice in ten point type. In reaching its conclusion, the court relied on an affidavit submitted by the architect which stated that certain materials were transported from out of state and employees crossed state lines to work on the project. *Id.* at 104.

The Western District relied on two appellate decisions from other jurisdictions. In *R.J. Palmer Construction Co. v. Witchita Band Instrument Co.*, 7 Kan.App.2d 363, 642 P.2d 127 (1982), the Kansas Court of Appeals stated "courts have consistently held that contracts to design and construct buildings entirely within a state may involve commerce and fall within the scope of the Federal Arbitration Act when construction materials come from other states (citations omitted)." In *Northwest Mechanical Inc. v. Public Utilities Comm'n*, 283 N.W.2d 522, 524 (Minn.1979), the Minnesota Supreme court stated that "[t]hough two Minnesota entities are parties to this arbitration, the federal arbitration statute ... applies to this case because construction materials for this project came from all over the country (citations omitted)."

It is clear that construction contracts performed in one state which require materials from other states fall under the umbrella of the Federal Arbitration Act.

■ In the instant case, the record on appeal consists of the testimony of a project architect employed by Southwestern Bell and indicates that the parties were both Missouri corporations performing a construction contract in Missouri. The mechanical equipment used in the project was from New York and California. The bus duct was manufactured in South Carolina. The postal service was used by the parties to exchange documents and make payments under the contract. Finally, the resulting explosion affected Southwestern Bell's operations in five surrounding states. These factors indicate that the contract involves commerce to the extent necessary to invoke the Federal Arbitration Act.

Woermann relies on *Volt Info. Sciences, Inc. v. Bd. of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), contending that the decision allows the use of the Missouri Act because Missouri is no longer hostile to arbitration in that Missouri has a comprehensive arbitration act. Coincidentally, the Western District addressed the same point in *Brookfield*. In denying application of the Missouri Arbitration Act, the court stated:

> While the parties may agree that arbitration under the FAA may proceed according to state rules of procedure, under *Volt* the application of state rules of procedure may not be applied to deny arbitration. In *Volt*, state procedures were not applied in such a manner as to deny arbitration, but simply to deny arbitration until related litigation had been decided.
>
> In this case, Brookfield would invoke Missouri law to deny arbitration because the contract did not contain the notice concerning arbitration required by Missouri law. Under *Volt*, this would be a denial of arbitration of a contract subject to the FAA. Such a result is prohibited by *Volt*.

845 S.W.2d at 105. Obviously, *Volt* cannot be used to deny arbitration in light of the thrust of the opinion encouraging arbitration.

■ Because the contract is governed by the Federal Arbitration Act, it was improper to require the ten point arbitration notice required by the Missouri Arbitration Act. Accordingly, the final order of the trial court staying arbitration is reversed and the case is remanded to the trial court with directions to grant Southwestern Bell's cross-application to compel arbitration.

CRANDALL, P.J., and GRIMM, J., concur.