G & S MASONRY, INC., Plaintiff–
Respondent,

v.

MJC CONSTRUCTORS, INC., and Fidelity & Deposit Company of Maryland, Defendants–Appellants.

No. 26462.

Missouri Court of Appeals,
Southern District,
Division Two.

March 23, 2005.

Motion for Rehearing or Transfer to Supreme Court Denied April 7, 2005.

Richard R. Hardcastle, III, Scott A. Strange, Greensfelder, Hemker & Gale, P.C., St. Louis, for appellant.

Thomas W. Millington, Millington, Glass & Love, Springfield, for respondent.

JOHN E. PARRISH, Presiding Judge.

MJC Constructors, Inc. (MJC) and Fidelity & Deposit Company of Maryland (Fidelity) appeal an order denying their motion to stay litigation and to compel arbitration. This court orders the appeal held in abeyance and remands with directions.

MJC was general contractor for construction of a veteran's cemetery in Bloomfield, Missouri. MJC sub-contracted part of the required work to G & S Masonry, Inc., (G & S). The subcontract includes provisions, identified as Articles 13.1 and 13.2, related to resolution of disputes. Articles 13.1 and 13.2 state:

13.1 Disputes arising out of the acts, omissions, decisions or Contract interpretations by the Owner or its agents, including but not limited to any dispute concerning the scope of the Subcontractor's work or the requirements of the Contract Documents, shall be resolved in accordance with the dispute resolution procedures in the Prime Contract. Subcontractor shall have the right to exercise those rights in the name of the Contractor, but at Subcontractor's sole cost and expense. Subcontractor agrees to be bound by any decision reached in accordance with the dispute resolution procedures of the Prime Contract. Subcontractor agrees to provide notice of any dispute to Contractor in a timely fashion to allow the Contractor time to present Subcontractor's claim in accordance with the time restrictions set forth in the Prime Contract, and Subcontractor specifically agrees to reimburse Contractor for any and all costs, including reasonable attorneys' fees, incurred by Contractor in connection with the submission of Subcontractor's claim to the Owner. Subcontractor specifically agrees that any dispute with the Owner or the Contractor shall not interfere with the Subcontractor's progress of its work in any manner, and that Subcontractor shall proceed with its work as ordered, subject to claim.

13.2 Any other claim or dispute between the Subcontractor and Contractor that does not fall within the provisions of paragraph 13.1 shall, if the amount in controversy exceeds $50,000.00, be resolved in any Court of competent jurisdiction. Any other claim or dispute between the Subcontractor and Contractor that does not fall within the provisions of paragraph 13.1 shall, if the amount in controversy is less than $50,000.00, be resolved by arbitration conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining [sic] unless the parties mutually agree otherwise. The decision of the Architect shall not be a condition precedent to invoking arbitration. This agreement to arbitrate and any other written agreement to arbitrate with an additional person or persons referred to herein shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators

shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

G & S brought this action in the Circuit Court of Stoddard County, Missouri. The petition is in two counts. Count I asserts a breach of contract by MJC alleging that MJC "failed and refused to make timely payments of amounts due and properly earned during the course of performance of the subcontract by and between G & S and MJC." Count I seeks recovery from MJC "in the amount of $30,810.29, together with interest thereon at the rate of eighteen percent (18%) per annum from the 22nd day of October, 2003," costs, and attorney fees. Count II seeks judgment against Fidelity, on the basis of a performance and payment bond alleged to have been issued by Fidelity. Count II requests judgment "in an amount equal to the sum of all damages and relief ordered in the judgment against defendant [MJC] including interest, costs and attorney's fees, . . . ."

MJC filed a motion entitled "Motion to Dismiss, or in the Alternative, to Stay Litigation and Compel Arbitration." It alleged that the amount in dispute was less than $50,000; that Article 13.2 of the contract between MJC and G & S required arbitration of disputes when the amount in controversy was $50,000 or less. The motion requested the trial court "to dismiss [the] Petition, or in the alternative to stay all aspects of [the] litigation until completion of arbitration proceedings, . . . ."

The trial court held a hearing on the motion July 21, 2004. At the time of the hearing, there was a pending motion filed by G & S to amend its petition. G & S submitted a proposed amended petition that alleged "[t]he total amount due to [G & S] is in excess of the sum of $50,000.00, including principal[,] interest accrued and attorney fees." Thereafter, on August 4, 2004, the trial court entered an order reciting the appearances of the parties through their respective counsel; that the motion to compel arbitration was heard; that "having considered the matter," the motion was denied. The record on appeal does not reflect a ruling on the motion of G & S to amend its petition.

MJC and Fidelity present one point on appeal. They contend the trial court erred in denying their motion to stay litigation and compel arbitration because the contract between MJC and G & S includes an enforceable, mandatory arbitration agreement that encompasses the disputes and claims to which the lawsuit is directed, and the amount in dispute for each claim is less than $50,000.

MJC and Fidelity argue that Article 13.2 of their contract with G & S is applicable because there is no allegation that the dispute arose from actions or claims of the owner. They assert, "In its Petition G & S alleges that it is entitled to $30,810.29, which it claims is the outstanding balance owed by MJC." MJC and Fidelity conclude that "[c]learly, this amount is less than $50,000.00." They contend that under the requirement of Article 13.2 that claims of $50,000 or less be submitted to arbitration, the trial court erred in denying the motion.

As this court recently noted in *Greenpoint Credit, L.L.C. v. Reynolds,* 151 S.W.3d 868 (Mo.App.2004):

An order denying arbitration is appealable pursuant to both Missouri law, *see* § 435.440.1 [RSMo 2000], and the Federal Arbitration Act, *see* 9 U.S.C. § 16(a)(1)(B). State procedural law may be followed so long as the procedure does not defeat the substantive rights of the federal act. *See Greenwood v. Sherfield,* 895 S.W.2d 169, 172 (Mo.App. 1995). "When arbitration is pursuant to the federal act but enforcement is

sought in a Missouri court, the substantive law of the Federal Arbitration Act, 9 U.S.C. § 2 is to be given effect. *McClellan v. Barrath Construction Co., Inc.,* 725 S.W.2d 656, 658 (Mo.App.1987). However, 'the procedural provisions of the Federal Arbitration Act are not binding on state courts ..., provided applicable state procedures do not defeat the [substantive] rights granted by Congress.' *Id. See Bunge Corp. v. Perryville Feed & Produce, Inc.,* 685 S.W.2d 837, 839 [3, 4] (Mo.banc 1985)." *Id.*

*Id.* at 873 n. 3.

 Before a court compels arbitration, it must determine whether a valid agreement to arbitrate exists between the parties and whether the substance of the disputes are issues of the type the agreement requires to be arbitrated. *Id.* at 873. There is no issue in this appeal regarding whether the parties' agreement includes a valid arbitration agreement. Rather, the question is whether the dispute between the parties is an issue that lies within the parameters of the arbitration agreement that both parties acknowledge exists. MJC and Fidelity contend the trial court's ruling violates the arbitration agreement because the dispute is for an amount of less than $50,000. G & S argues that the amount in dispute exceeds $50,000; that there is a pending motion to file an amended petition clarifying the amount in dispute.

 Whether a dispute is covered by an arbitration provision in a contract is a question of law. *Dunn Indus. Group, Inc. v. City of Sugar Creek,* 112 S.W.3d 421, 428 (Mo. banc 2003). In this case, however, the question for determination is dependent upon the amount in dispute, an issue of fact. The record on appeal includes no finding on that issue. This court is compelled to remand with directions to

the trial court to make a determination as to whether the amount in dispute is $50,000 or more and to rule, if it has not already done so, on the motion to amend the petition. Upon those determinations being made, the trial court shall direct the circuit clerk to certify a copy of the trial court's findings as to the amount in dispute and a copy of the ruling on the motion to amend the petition and to promptly transmit those documents for filing as a supplemental legal file as permitted by Rule 81.12(e). *See Heitner v. Gill,* 973 S.W.2d 98, 106 (Mo.App.1998). This appeal shall be held in abeyance pending compliance with the directions on remand and the filing of a supplemental legal file herein.

BATES, C.J., and BARNEY, J., concur.