G & S MASONRY, INC., Plaintiff–Respondent

v.

MJC CONSTRUCTORS, INC., and Fidelity & Deposit Company of Maryland, Defendants–Appellants.

No. 26462.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 2005.

Richard R. Hardcastle, III, Scott A. Strange, Greensfelder, Hemker & Gale, P.C., St. Louis, for appellants.

Thomas W. Millington, Millington, Glass & Love, Springfield, for respondent.

JOHN E. PARRISH, Presiding Judge.

MJC Contractors, Inc., (MJC) requests this court to reverse the order of the trial court that denied a motion it filed requesting the trial court to stay litigation brought by G & S Masonry, Inc., (G & S) and to compel arbitration. This court declines. The trial court's order is affirmed.

This case was previously before this court. The case was remanded (1) to enable the trial court to rule, had it not done so previously, on a motion by G & S that sought leave to amend its petition and (2) to determine whether the amount in dispute was $50,000 or more. *See G & S Masonry, Inc. v. MJC Constructors, Inc.,* 164 S.W.3d 530 (Mo.App.2005). That opinion may be read in conjunction with this opinion for the purpose of identifying the facts that led to this appeal.

Following remand, the trial court entered an order declaring that it had previously granted the motion G & S filed that sought to amend its petition; that G & S had been permitted to file an amended petition. The trial court found "that the amount presently in dispute in this case is $50,000 or more."

The parties do not dispute that the subcontract that is the basis for this action provides that claims between the subcontractor, G & S, and the contractor, MJC, are subject to resolution by lawsuit unless "the amount in controversy is less than $50,000.00." Thus, a valid agreement exists to arbitrate certain disputes between the parties to this appeal. However, because the amount in dispute does not fall within the parameters of the disputes that are subject to arbitration, i.e., the amount in controversy is not "less than $50,000.00," the substance of the dispute is not the type of dispute that the agreement requires to be arbitrated. *See Greenpoint Credit, L.L.C. v. Reynolds,* 151 S.W.3d 868, 873 (Mo.App.2004).

The trial court denied MJC's motion to stay the litigation and compel arbitration. Under the record before this court, there is no showing that there is an enforceable arbitration provision in the contract between G & S and MJC in that the amount in controversy has not been shown to be less than $50,000. The order denying the

motion to stay the litigation and compel arbitration is denied.

BATES, C.J., and BARNEY, J., concur.