Douglas D. MUELLER,
Plaintiff/Respondent,

v.

HOPKINS & HOWARD, P.C.,
Defendant/Appellant.

No. ED 75447.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 26, 1999.

Eric M. Trelz & Beverly D. Garner, St. Louis, for appellant.

Timothy A. Gutknecht, Columbia, IL, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Defendant, Hopkins & Howard, P.C., appeals from the denial of its motion to dismiss which sought to compel arbitration in an action brought by plaintiff, Douglas D. Mueller, defendant's former employee. We reverse and remand.

On February 1, 1995, Mueller entered into an employment contract (hereinafter Agreement) with Hopkins & Howard, P.C. (hereinafter employer), a Missouri corporation located in Missouri. The Agreement contained an arbitration clause providing as follows:

> Any claim or controversy between the parties arising out of or relating to this Agreement or the breach thereof, or in any way related to the terms and conditions of the employment of Doug Mueller by the Firm, shall be settled by arbitration under the rules of the American Arbitration Association and the laws of the State of Missouri.

The Agreement did not contain a clause stating that the contract contained a binding arbitration provision enforceable by the parties.[1]

Mueller's employment responsibilities included audits, tax work, preparation of financial statements, and financial planning for clients. Some of employer's clients were located in Illinois, so Mueller traveled there and sent various documents through the mail to them. In January 1997, Mueller voluntarily resigned from his employment.

In October 1997, Mueller brought the present action against employer for declaratory judgment (Count I), mandamus (Count II), breach of contract (Counts III and IV), conversion (Counts V and VI), breach of fiduciary duty (Counts VII and X), accounting (Count VIII), and corporate dissolution (Count IX). Employer filed a motion to dismiss, alleging that the parties expressly agreed that any disputes under the Agreement would be settled by arbitration. The trial court denied the motion to dismiss, but did not state the basis for its decision.

In its sole point on appeal, employer contends the trial court erred in refusing to dismiss Mueller's action and to compel arbitration because the arbitration clause in the Agreement was enforceable. Mueller counters that the Federal Arbitration Act (hereinafter FAA) does not apply, that employer waived its right to arbitrate, that there is no legal support for employer's requested remedy of dismissal, and that the arbitration provision does not cover most of Mueller's counts.

■ Because the issue of whether the FAA applies to the Agreement is determinative of other issues on appeal, we address that issue initially. The FAA applies to contracts evidencing transactions "involving commerce." 9 U.S.C. section 2 (1994). The United States Supreme Court has held that Congress intended the FAA to reach the full expanse of its Commerce Clause power. *Duggan v. Zip Mail Services, Inc.*, 920 S.W.2d 200, 202 (Mo.App. E.D.1996) (citing *Allied–Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 840, 130 L.Ed.2d 753, 764–65 (1995)). The phrase "involving commerce" is the functional equivalent of "affecting commerce." *Duggan*, 920 S.W.2d at 202. Federal Courts have interpreted the phrase broadly, applying the FAA in cases where the contract simply relates to interstate commerce even when the relationship was less than substantial. *Id.* Federal courts have found interstate commerce involved in cases where the contracting parties resided in different states, the U.S. Postal System was used, employees crossed state lines, or materials were transported across state lines. *Id.*

■ Here, Mueller's contract with employer involved interstate commerce. Employer was a Missouri corporation located in Missouri. As part of his employment responsibilities, Mueller served clients located in Illinois as well as Missouri. Mueller traveled to Illinois to conduct business

---

1. Section 435.460, RSMo (1994) provides as follows: "Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows: 'THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.'"

for employer. In addition, Mueller sent financial and tax documents across the state line to the Illinois clients and used the U.S. postal service to do so. Thus, the Agreement affected commerce and was subject to the FAA.

■ We next consider Mueller's contention that a motion to dismiss was the improper vehicle to raise the mandatory arbitration issue. Employer's motion alleged that under the Agreement any disputes thereunder were to .be settled by arbitration and requested the court to refer Mueller's claims against it to arbitration. Although the trial court's ruling was neither on a motion to compel arbitration nor on a motion to stay litigation, employer's motion to dismiss sufficiently raised the arbitration issue. *Mr. Mudd, Inc. v. Petra Tech, Inc.,* 892 S.W.2d 389, 391 (Mo. App. E.D.1995). In addition, a motion to dismiss may be treated as a motion to compel. *See Hefele v. Catanzaro,* 727 S.W.2d 475, 476 (Mo.App.1987) (this court treated the trial court's denial of a motion to stay pending arbitration or, alternatively, to dismiss the action for damages as a motion to compel arbitration in determining that the order was appealable). The trial court also has the authority to grant a dismissal where all claims are barred by an arbitration clause; but the better course of action for the trial court, upon finding an agreement to arbitrate, would be to stay the action pending arbitration. *Mr. Mudd,* 892 S.W.2d at 391. Further, the court is not limited by employer's styling of his motion, but may fashion the granted relief in accordance with the motion's allegations and with the requested relief. *State ex rel. St. Joseph Light and Power Co. v. Donelson,* 631 S.W.2d 887, 892 (Mo.App.1982). In the present case, a

motion to dismiss was not an improper vehicle for employer to request the trial court to compel arbitration.

■ Mueller challenges employer's reliance on *Mr. Mudd* because, in contrast to *Mr. Mudd,* the ruling on employer's motion to dismiss did not dispose of all parties or claims and was not final and appealable under section 512.020, RSMo (1994). In addition, the trial court made no express finding under Rule 74.01(b) that "there is no just reason for delay" for a judgment disposing of fewer than all claims or parties to be appealable. In *Young v. Prudential Securities, Inc.,* 891 S.W.2d 842, 844 (Mo.App. E.D.1995), however, this court found that section 435.440, which permits an appeal from an order denying an application to compel arbitration, takes precedence over Rule 74.01(b) and section 512.020. Thus, in the instant case, Rule 74.01(b) does not apply to the trial court's order denying the motion to dismiss which raised the issue of arbitration; and the trial court's denial of employer's motion to dismiss is final and appealable, despite the pending· claims and/or remaining parties.[2]

Mueller also argues that this court lacks jurisdiction to hear the appeal for the reason that Missouri's Uniform Arbitration Act (hereinafter Missouri Act) does not apply because the Agreement did not contain the notice required by section 435.460, RSMo (1994) and because employer did not apply for arbitration under section 435.355, RSMo (1994).[3]

■ The FAA permits an appeal from an order refusing a stay of litigation or an order denying a petition to order arbitration. 9 U.S.C. section 16(a)(1)(A)

**2.** At issue in *Mr. Mudd* was whether defendants waived the right to arbitrate. The court properly concluded there was no waiver. To the extent *Mr. Mudd* implies that the denial of a motion to dismiss that raises the issue of arbitration is not a final and appealable judgment until the trial court disposes of all parties and all claims, *see Mr. Mudd,* 892 S.W.2d at 392, we decline to follow it.

**3.** Section 435.355 provides in pertinent part: "On application of a party showing an agreement [to arbitrate a controversy], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration...."

and (B) (1994). Although the Missouri Act does not allow an appeal from an order refusing a stay of litigation, section 435.440.1, RSMo (1994) provides for an appeal from "an order denying an application to compel arbitration made under said section 435.355." Thus, the parties have the right to appeal from the trial court's decision under either act and may do so if either act applies to the circumstances of the case. *Duggan,* 920 S.W.2d at 202. Further, under the FAA, there is no duty on the party to request arbitration. *Mr. Mudd, Inc. v. Petra Tech, Inc.,* 892 S.W.2d 389, 391 (Mo.App. E.D.1995). In addition, the Missouri Act cannot be used to defeat an arbitration provision covered by the FAA. *Bunge Corp. v. Perryville Feed & Produce, Inc.,* 685 S.W.2d 837, 839 (Mo. banc 1985). Because this case falls within the FAA, employer did not have to apply for arbitration under section 435.355 of the Missouri Act.

Mueller also argues that the requisite notice "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES" required by section 435.460 is absent from the contract. The FAA preempts any state act and any additional burden imposed on the party seeking arbitration by the Missouri Act cannot defeat an arbitration clause covered by the FAA. *Reis v. Peabody Coal Co.,* 935 S.W.2d 625, 630 (Mo.App. E.D. 1996). The FAA has no notice provision similar to that in the Missouri Act. *Mr. Mudd,* 892 S.W.2d at 391. The notice specified in section 435.460 was not necessary in the arbitration provision at issue because the FAA applied to the Agreement.

Mueller further asserts that employer waived its right to arbitrate. The right to arbitrate under the FAA can be waived. *Id.* at 392. There is, however, a strong presumption against any such waiver. *Id.* We review waiver of arbitration rights *de novo. Reis,* 935 S.W.2d at 630.

A party waives its right to arbitrate if it (1) had knowledge of the existing right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the party opposing arbitration. *Nettleton v. Edward D. Jones & Co.,* 904 S.W.2d 409, 411 (Mo.App. E.D.1995). There is, however, a strong presumption against any such waiver. *Id.* Any doubts as to whether a party has waived its right to arbitrate must be resolved in favor of arbitration. *Id.*

Mueller filed his petition on October 9, 1997. On December 19, 1997, employer filed its answer and affirmative defenses. Then, on July 1, 1998, after what Mueller refers to as "extensive written discovery" had occurred, employer filed its motion to dismiss in which it raised the arbitration issue. Assuming, without deciding, that employer knew it had the right to arbitrate and its acts were inconsistent with that right, the prejudice prong is dispositive of the waiver issue. Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, or litigation of substantial issues going to the merits. *Nettleton,* 904 S.W.2d at 411. The burden to establish prejudice falls on the party seeking the waiver. *Id.* Without showing prejudice, one cannot establish waiver of the right to arbitrate. *Reis,* 935 S.W.2d at 631. Prejudice is determined on a case-by-case basis. *Id.*

Delay in seeking to compel arbitration does not itself constitute prejudice; but delay and the moving party's trial-oriented activity are material factors in assessing prejudice. *Reis,* 935 S.W.2d at 631. Prejudice can also result when a party loses a motion on the merits and then attempts to invoke arbitration, or when a party postpones invoking arbitration, causing his adversary to incur unnecessary delay or expense. *Id.*

Here, Mueller alleges that he was prejudiced by employer's delay in seeking

arbitration in that he responded to interrogatories, produced a substantial number of documents, researched and responded to employer's affirmative defenses, and incurred substantial legal fees in so doing. Yet, Mueller did not sustain his burden to establish prejudice, despite the fact that a delay occurred. The fruits of the discovery and legal research may be usable in arbitration or may be relevant to those claims which both parties agree are not the subject of arbitration. Also, this is not a situation where employer filed a substantial number of motions to which Mueller was required to respond. In contrast, in *Reis,* 935 S.W.2d at 631, this court found that plaintiff established prejudice as a result of defendant's delay in seeking arbitration where plaintiff responded to repeated motions for summary judgment and dismissal as well as to a premature appeal on those issues. In addition, the period of delay in seeking arbitration in the instant action was less than one year from the time Mueller commenced the cause of action, as opposed to the two-year delay in *Reis,* which this court viewed as "significant." *See id.* Mueller was not prejudiced by employer's actions. Employer, therefore, did not waive its right to arbitrate.

Lastly, Mueller contends the arbitration provision did not cover most of the counts in the petition. The arbitration clause in the Agreement entered into between Mueller and employer provided that any claims or controversies "arising out of or relating to this Agreement or the breach thereof, or in any way related to the terms and conditions of [Mueller's] employment" must be settled by arbitration. We have reviewed the petition and find that Counts I, II, III, IV, VIII, and IX were brought by Mueller against defendant-employer and referenced the specific provisions of the Agreement with respect to each count. The remaining Counts V, VI, VII, and X were asserted against the other defendants and not against defendant-employer and did not reference specific provisions of the Agreement. The agreement to arbitrate therefore only related to Mueller's claims against employer set forth in Counts I, II, III, IV, VIII, and IX. The trial court erred in denying employer's motion to dismiss and in refusing to compel arbitration of those counts. Employer's point on appeal is granted.

The judgment of the trial court is reversed and the cause is remanded for action not inconsistent with this opinion.

KENT E. KAROHL, J. and MARY K. HOFF, J., Concur.