STRAIN–JAPAN R–16 SCHOOL DISTRICT, Respondent,

v.

LANDMARK SYSTEMS, INC., Appellant.

No. ED 78719.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 14, 2001.

Richard A. Stockenberg, John M. Limbaugh, Gallop, Johnson & Neuman, L.C., St. Louis, for Appellant.

Steven L. Wright, Wright & Gray, Columbia, for Respondent.

GARY M. GAERTNER, P.J.

Appellant, Landmark Systems, Inc. ("Landmark"), appeals from the judgment of the Circuit Court of Franklin County granting summary judgment in favor of respondent Strain–Japan R–16 School District ("District"). We affirm.

In February 1995, District entered into a construction contract with Landmark for building additions to the school. According to Article 4 of the contract, the total contract price was $202,960. The parties, at the request of District in its invitations for bids, used Standard Contract Form A101 from the American Institute of Architects. The contract provided that "any controversy or claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." General Condition of the Contract for Construction, AIA Document A201, subparagraph 4.5.1.

District withheld $72,809.60 from final payment of the contract claiming defective work by Landmark. On February 22, 1996, Landmark filed a demand for arbitration pursuant to the contract to recover the remaining $72,809.60, plus interest since November 30, 1995. District then filed a petition for a stay of the arbitration and a declaratory judgment in the Circuit Court of St. Louis County that the contract was unenforceable. District claimed the contract was unenforceable because Landmark had entered into a contract to render professional engineering and architectural services without being registered as an architect or professional engineer. Landmark, through its answer, sought only to declare that the contract was valid and enforceable and did not counterclaim to compel arbitration. Landmark also requested costs but did not ask for attorney's fees.

A temporary restraining order to prevent the arbitration from going forward was granted on July 2, 1996. The Circuit Court of St. Louis County entered its judgment on December 16, 1996 declaring the contract enforceable, dissolving the

temporary restraining order, and granted costs to Landmark. District then appealed to this Court. We affirmed the decision of the trial court on February 10, 1998, holding that the contractor, by subcontracting with professional engineers, did not "render" professional engineering services in violation of the contract. *Strain–Japan R–16 School Dist. v. Landmark Systems, Inc.*, 965 S.W.2d 278 (Mo.App. E.D.1998).

Prior to the arbitration, Landmark amended its demand for arbitration to include a claim for attorney's fees arising out of the litigation. Landmark did not seek attorney's fees for the arbitration itself, only the prior litigation. District filed a demand opposing the award of attorney's fees. The case was arbitrated on August 17 and 18, 1999. The arbitrator awarded Landmark the remaining contract price of $72,809 minus the costs District incurred in replacing the concrete slab and repairing defective doors ($42,040), plus interest of $9,910 from October 30, 1995 to June 30, 1999. The arbitrator also awarded legal fees to Landmark in the amount of $41,530 for the period of October 30, 1995 to July 22, 1998. The arbitrator did not provide reasoning for the award of attorney's fees. The total amount Landmark received from the arbitrator's award was $82,530.

Subsequent to the arbitrator's award, District filed a Petition to Modify and Vacate in the Circuit Court of Franklin County contesting only the arbitrator's award of attorney's fees. The trial court judge granted District's Motion for Summary Judgment on September 29, 2000, vacating the arbitrator's award of attorney's fees. This appeal followed.

Appellate review of a motion for summary judgment is essentially de novo. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo.banc 1993). Appellate courts review the record in the light most favorable to the party against whom judgment was entered. *Id.* Rule 74.04(c)(3) provides that summary judgment is proper if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law.

■ Landmark concedes in its brief there are no genuine issues of material fact, so the sole question is whether District was entitled to summary judgment as a matter of law. Rule 74.04(c). Landmark also asserts error in the denial of its motion for summary judgment and asks this court to review the denial of its motion. The denial of summary judgment is not final, and therefore generally not reviewable on appeal. *Reben v. Wilson*, 861 S.W.2d 171, 175 (Mo.App. E.D.1993). This is true even if the denial of the summary judgment is alleged contemporaneously with the granting of summary judgment in favor of the other party. *O'Leary v. Luedde*, 19 S.W.3d 702, 704 (Mo.App. E.D. 2000). We do not find the circumstances in the present case to warrant review, and therefore decline to review the trial court's denial of Landmark's Motion for Summary Judgment.

■ Judicial review of an arbitrator's award is limited. *R.L. Hulett & Co. v. Barth*, 884 S.W.2d 309, 311 (Mo.App. E.D. 1994). Both the United States Congress, through the Federal Arbitration Act ("FAA"), and the Missouri General Assembly, through the Missouri Uniform Arbitration Act ("MUAA"), have enacted arbitration legislation. The FAA applies when a contract involves interstate commerce. 9 U.S.C. Section 2 (1994); *Duggan v. Zip Mail Services, Inc.*, 920 S.W.2d 200, 202 (Mo.App. E.D.1996). The FAA will apply even when all parties to the contract are Missouri residents if any materials are supplied by vendors outside of the state. *Edward D. Jones & Co. v. Schwartz*, 969

S.W.2d 788, 793 (Mo.App. W.D.1998). In the present appeal, the pre-fabricated metal building was purchased from Nucor Building Systems, doing business in the State of Indiana, and shipped to Missouri. Thus, the FAA applies in this appeal.

■■■ Missouri courts are to apply federal law and may not apply substantive or procedural state law which is in derogation of federal law. *Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 630 (Mo.App. E.D.1996). Missouri courts are not bound by the procedural provisions of the FAA so long as Missouri's procedures do not defeat the rights granted by Congress. *Id.*

■■■ The statutory basis for vacating an arbitrator's award is found in Section 10 of the FAA. The grounds for vacating an arbitrator's award include: "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." · 9 U.S.C. Section 10(a)(4) (1994). Arbitrators exceed their power "by deciding matters which were beyond the scope of the arbitration agreement or which clearly were not submitted to them." *Holman v. Trans World Airlines, Inc.*, 737 F.Supp. 527, 530 (E.D.Mo.1989). The contract between the parties defines the scope of the arbitration. *Hayob v. Osborne*, 992 S.W.2d 265, 269 (Mo.App. W.D.1999).

In its first point on appeal, Landmark claims that summary judgment for District was improper because the arbitrator had authority to award attorney's fees under Section 34.057.

This is essentially a case of first impression for this Court. This case deals with an arbitrator awarding attorney's fees not on the arbitration itself, but rather attorney's fees on litigation previously decided by the Missouri courts. In many cases, we have ruled on the powers of arbitrators

and their broad discretion. *See Air Shield Remodelers, Inc. v. Biggs*, 969 S.W.2d 315 (Mo.App. E.D.1998). However, we have yet to extend that power to an arbitrator's award that involves the award of attorney's fees incurred during a prior litigation. Likewise, Landmark has cited to no Federal or Missouri case law that allows the arbitrator's award to extend to attorney's fees incurred prior to the arbitration.

■■ Missouri has adopted the "American Rule" which provides that litigants are generally required to bear the expense of their own attorney's fees. *Chapman v. Lavy*, 20 S.W.3d 610, 614 (Mo.App. E.D. 2000). "[A]bsent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fees." *David Ranken, Jr. Tech. Inst. v. Boykins*, 816 S.W.2d 189, 193 (Mo. banc 1991).

■■ Landmark argues that attorney's fees are statutorily authorized under Section 34.057. Section 34.057, also known as the Prompt Pay Act, provides for prompt payment by a public entity to the contractor. District qualifies under the statute as a public entity. Landmark relies on Section 34.057.6, which provides in part:

[i]f it is determined by a court of competent jurisdiction that a payment . . . was not withheld in good faith for reasonable cause, the court may impose interest at the rate of one and one-half percent per month . . . and may, in its discretion award reasonable attorney's fees to the prevailing party . . . if a court determines after a hearing for such purpose that the cause was initiated, or a defense was asserted, or a motion was filed, or any proceeding therein was done frivolously and in bad faith, the court shall require the party who . . . caused such proceeding to be had to pay the other party named in such action the amount of the costs attributable thereto and rea-

sonable expenses incurred by such party, including reasonable attorney's fees. Section 34.057.6. While providing for prompt payment, Section 34.057 also permits District to withhold payment in the event of a dispute if withheld in good faith and for reasonable cause. Section 34.057(5).

Landmark relies on the arbitrator's award to District of only $42,050 of the $72,809 withheld, claiming that $30,759 was withheld by District in bad faith, therefore entitling Landmark to attorney's fees. In the arbitrator's award of attorney's fees, however, there are no findings of facts, including no finding of bad faith on the part of District. Landmark asks us to assume the arbitrator found bad faith by awarding attorney's fees. Under Section 34.057(6) a court of competent jurisdiction is to decide if the party withholding payment acted in bad faith and whether penalty interest and attorney's fees should be imposed. "It is likely the drafters contemplated that the body deciding the factual issues would also be the adjudicator of the penalty." *City of Independence v. Kerr Const. Paving Co.*, 957 S.W.2d 315, 322 (Mo.App. W.D.1998). Here, however, the arbitrator was not the body deciding the issue of the enforceability of the contract. It is irrelevant that Landmark claims the issue of attorney's fees was presented to the arbitrator because the trial court determined the issue of the enforceability of the contract. The trial court was in the best position to decide whether attorney's fees should be awarded.

The fees awarded were not fees expended in the arbitration process, but rather from a previous litigation affirmed by this Court. The substantive legal issue on which attorney's fees were awarded was never before the arbitrator. We find no basis for fees awarded by an arbitrator incurred during a prior litigation not before the arbitrator, and therefore, no basis for attorney's fees in this instance. While we recognize the general broad discretion given to arbitrator's awards, we conclude that the arbitrator exceeded his powers in this instance as the award of attorney's fees was outside the scope of the arbitrator's power.

■ Even if we were to find that the arbitrator did not exceed his powers by awarding attorney's fees on the prior litigation, Landmark would still fail in its argument. The arbitrator in awarding attorney's fees did not impose the penalty interest under Section 34.057.6. The issue of attorney's fees is to be decided after the issue of good faith has been decided and if penalty interest is to be awarded. *City of Independence*, 957 S.W.2d at 323. The judge, here the arbitrator, may award attorney's fees only if the party prevails on the penalty interest issue. *Id.* In the present case, the arbitrator's award does not mention anything as to the good faith or bad faith of either of the parties. The arbitrator did not award penalty interest on the amount withheld by District. Since penalty interest was not imposed on District, we conclude the trial court was correct in vacating the arbitrator's award as to attorney's fees. Point denied.

■ In its second point on appeal, Landmark argues summary judgment in favor of District was improper because the arbitrator had authority to award attorney's fees because District acted in bad faith and unnecessarily delayed the arbitration. Landmark argues the arbitrator had authority to award attorney's fees to Landmark, even without statutory authority or under the express terms of the agreement.

■ Again we refer to the American Rule that Missouri courts follow with re-

gard to attorney's fees. With few exceptions, absent statutory authorization or contractual agreement, each litigant is required to bear his own attorney's fees. *David Ranken, Jr. Tech. Inst.*, 816 S.W.2d at 193. The exceptions are limited to those cases involving "very unusual circumstances" or "special circumstances." *Id.* "In the absence of contract or statute, our courts have rarely found the very unusual circumstances that permit the award of attorneys' fees." *Id.*

The very unusual circumstance that Landmark claims justifies an award of attorney's fees is that District sought to avoid arbitration and unnecessarily delayed the dispute between the parties. Landmark cites to decisions in the Ninth Circuit and the Second Circuit that have allowed attorney's fees without statutory authority or contractual agreement. *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056 (9th Cir.1991); *Marcy Lee Mfg. Co. v. Cortley Fabrics*, 354 F.2d 42 (2d Cir.1965). However, these cases are fact specific and involve findings of misconduct and refusal to arbitrate. District sought a stay of the arbitration after receiving a recommendation from outside counsel that the contract was unenforceable. The trial court deciding the enforceability of the contract did not make any reference to the bad faith of District, nor did this Court when the decision was affirmed on appeal. That the trial court and this Court found for Landmark on the enforceability of the contract does not establish unusual circumstances. The record is devoid of facts that would rise to the level of "very unusual circumstances." Point denied.

In its third point on appeal, Landmark argues that the contract can be interpreted as providing for the award of attorney's fees.

■■■■ Landmark would have us interpret the contract as authorizing the award of attorney's fees. The contract itself provides no express written authority for the award of attorney's fees. The language of the contract provides under Section 4.5.1 of the General Conditions of the Contract for Construction that "any controversy or claim arising out of or related to the contract ... shall be settled by arbitration in accordance with the Construction Industry Rules of the American Arbitration Association." Section 43 of the Construction Industry Arbitration Rules states that the arbitrator may grant any remedy of relief that the arbitrator deems just and equitable and *within the scope of the agreement.* (Emphasis added).

■■■■ District is a public entity and subject to specific contract requirements as a school district in the State of Missouri. School districts cannot be held liable on implied contracts. *Goodyear v. Junior College Dist. of St. Louis*, 540 S.W.2d 621, 621 (Mo.App.1976). Section 432.070 states:

> No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law ... and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

The statutory requirement that the contract be in writing is mandatory and strict compliance is required in order to bind a public entity. *State ex rel. State Hwy. Com'n v. City of Washington*, 533 S.W.2d 555, 558 (Mo.1976).

The contract limits arbitrators to awards within the scope of the agreement between the parties. There is no express or written provision in the contract allowing for

attorney's fees from a prior litigation to be recovered. The enforceability of the contract was a conclusion and final determination of this Court and not an issue before the arbitrator. Awarding attorney's fees on the prior litigation was not within the scope of the agreement. We find no support for allowing the arbitrator to interpret into the contract the authority to award fees on a prior litigation and bind a public entity. Point denied.

In its fourth and final point on appeal, Landmark claims that if the award of attorney's fees was a mistake (which they do not concede), a mere mistake of law by an arbitrator is insufficient grounds to overturn an arbitrator's award. Landmark asks us to conclude that in order to vacate the arbitrator's award we must find manifest disregard.

 Manifest disregard is not a statutory basis for vacating an arbitrator's award. *Edward D. Jones & Co. v. Schwartz,* 969 S.W.2d at 794. Manifest disregard is a judicially created basis for vacating an arbitrator's award made pursuant to the FAA by virtue of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). *Id.* In *Stroh Container Co. v. Delphi Industries, Inc.,* 783 F.2d 743, 749 (8th Cir.1986), cited by Landmark, the court recognized that some cases have held the federal statutory grounds under 9 U.S.C. Sections 10 and 11 are the exclusive grounds for vacating an award. The *Stroh* Court also stated other courts recognize manifest disregard as *one* of the possible grounds for vacating an arbitrator's award. *Id.* The 8th Circuit has recognized manifest disregard as an additional ground for vacating an award, and not a requirement that must also be found in order to vacate an arbitrator's award. *Kiernan v. Piper,* 137 F.3d 588, 594 (8th Cir.1998). "Beyond the grounds for vacation provided in the FAA, an award will only be set aside where .... it evidences a manifest disregard for the law." *Id.*

Manifest disregard is only one ground upon which an arbitrator's award may be vacated. Since we have already concluded that the arbitrator exceeded his powers under 9 U.S.C. Section 10(a)(4) by awarding fees on the prior litigation we do not need to reach the issue of whether the arbitrator acted in manifest disregard of the law. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER III, J., concur.