CLAYCO CONST. CO., INC.
and Forum Studio, Inc.,
Respondents,

v.

THF CARONDELET DEV.,
L.L.C., Appellant.

No. ED 82232.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 6, 2003.

---

Timothy E. Hayes, Douglas S. Dove, Richard B. Maltby, Timothy E. Hayes & Assoc., Bradley A. Winters, Dee Joyce Hayes, Sonnenschein Nath & Rosenthal, St. Louis, MO, for appellant.

Joseph P. Conran, Thomas M. Dee, Jeffrey W. Coverdell, Husch & Eppenberger, LLC, Robert D. Blitz, Blitz, Bardgett & Deutsch, LC, St. Louis, MO, for respondents.

PAUL J. SIMON, Presiding Judge.

THF Carondelet Development, L.L.C. (THF) appeals the judgment denying its motion to dismiss the first amended petition filed by Clayco Construction Company, Inc. and Forum Studio, Inc. (Clayco) on grounds that the alleged contract upon which Clayco based its breach of contract claim contained a mandatory arbitration provision which divested the trial court of subject matter jurisdiction. Clayco has filed motions to dismiss the appeal for lack of an appealable order and for sanctions for prosecuting a frivolous appeal, which were ordered taken with the case.

On appeal, THF contends: (1) this Court has appellate jurisdiction to consider this appeal because THF's motion to dismiss Clayco's first amended petition sufficiently raised the issue of arbitration; and (2) the trial court erred in denying THF's motion to dismiss Clayco's first amended petition because the alleged contract contains a mandatory arbitration provision which divested the trial court of subject matter jurisdiction in that a motion to dismiss is the appropriate method for contesting the subject matter jurisdiction of the trial court when the alleged contract contains a mandatory arbitration provision and the motion to dismiss the first amended petition should be granted where the facts alleged, if proven, require submission of all claims to arbitration. For reasons hereinafter stated, we dismiss the appeal pursuant to Clayco's motion and deny the motion for sanctions.

The record reveals that on November 1, 2002, Clayco filed its first amended petition alleging that it entered into a written Shell and Core Agreement with THF, dated March 10, 2000, for the design and construction of The Plaza in Clayton, a complex and comprehensive project consisting of an office building, retail space, a parking structure, and a thirty-story residential tower containing eighty-two condominium units. Clayco alleged also in its first amended petition that on March 8, 2001, Clayco and THF executed a letter of intent to serve as an award notification that Clayco was selected to be the design-build contractor for the tenant finish work for the condominium building. Michael Staenberg (Staenberg), the agent, manager and principal operating executive of THF, signed the award notification on behalf of THF. Clayco and THF agreed that they would execute a final contract, which would follow a standard form entitled "Standard Form of Agreement Between Owner and Contractor where the basis of payment is a STIPULATED SUM" (Condominium Agreement). Clayco alleged THF and its counsel stated that the parties would perform in accordance with the Condominium Agreement and that the Condominium Agreement would be based on the following exhibits to be attached to the final contract: (1) master outline specification for standard units; (2) master stacking plan for standard units; (3) floor plans for each standard unit listed in master stacking plan; (4) master turnover schedule for standard units; and (5) master detailed cost estimate for eighty-two standard units. Clayco alleged that it immediately began providing materials and services for the tenant finish work.

Clayco further alleged that THF, Staenberg, and their lawyers fully negotiated the terms of the Condominium Agreement, dated July 20, 2001, and that this document was prepared in order to follow through on the representations made by THF and Staenberg at the time the award notification was signed. An authorized representative of Clayco executed the Condominium Agreement and forwarded it to THF and Staenberg on August 29, 2001.

Clayco alleged that Staenberg held the signed Condominium Agreement, but did

not execute it on behalf of THF and attempted to disavow it. Clayco and its subcontractors provided materials and services related to the design and construction of the condominiums pursuant to the terms of the Condominium Agreement, and THF accepted performance by Clayco and made payments to Clayco for work performed under the Condominium Agreement.

Clayco alleged further that throughout the project, THF repeatedly failed to meet its scheduled dates, known as "release dates," for permitting work on the condominium units, providing finishes, and permitting Clayco to complete finish work on the units. As a result, THF prevented Clayco from completing construction of individual units in accordance with the orderly plan set forth in the Condominium Agreement. In addition, Clayco alleged that THF ordered that Clayco make a number of changes in the agreed work thereby delaying completion of the project and causing substantial increases in cost and that THF refused to execute appropriate change orders or to reimburse Clayco for the reasonable value of that work. When Clayco protested, THF took the position that since it never executed the Condominium Agreement, no contract existed, and THF refused to pay for work done by Clayco in reliance on that agreement.

Clayco alleged that in July, 2002, THF and Clayco met to negotiate a proposed settlement of their dispute, and THF agreed with Clayco to settle all disputes with respect to the Condominium Agreement. Staenberg represented that he would execute a final settlement agreement that included the agreed upon terms, once it was prepared by counsel. As agreed by the parties, Clayco instructed its counsel to draft a written document confirming the terms of the settlement agreement, for delivery to THF on July 29, 2002. On July 27, 2002, Staenberg informed his fellow investor, Alan Bornstein, that he did not intend to honor the settlement agreement. Still, on July 29, representatives of THF visited the offices of Clayco and reviewed confidential and proprietary subcontractor information that Clayco had agreed to provide to THF as part of the settlement agreement. Clayco delivered the written confirmation of the settlement to THF's representatives for THF's review and signature, but THF disavowed and repudiated the agreement to settle the disputes with Clayco.

Clayco incorporated by reference a copy of the Condominium Agreement into its first amended petition and attached it as Exhibit 2. The Condominium Agreement incorporates by reference AIA Document A201–1997 entitled "General Conditions of the Contract for Construction" (General Conditions), which is included as part of Exhibit 2 to Clayco's first amended petition. Provision 4.6 of the General Conditions contains a mandatory arbitration provision, which states in pertinent part:

4.6   ARBITRATION

4.6.1   Any claim arising out of or related to the [Condominium Agreement] ... shall be subject to arbitration.

\*        \*        \*        \*        \*        \*

After settlement negotiations failed, Clayco filed the instant action, seeking damages for fraud and breach of contract. On November 13, 2002, THF filed a motion to dismiss Clayco's first amended petition and a memorandum in support thereof in which THF argued that the trial court should dismiss the first amended petition pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure for the following reasons: (1) the Condominium Agreement upon which Clayco bases its breach of contract claim incorporates by reference the General Conditions which contains a mandatory arbitration clause; (2) Clayco is

bound by the allegations of its first amended petition, including its allegation that it entered into the Condominium Agreement with THF; and (3) therefore, pursuant to Clayco's allegations, Clayco has filed its claims in the wrong forum and the trial court lacks subject matter jurisdiction of all claims.

THF included a footnote in its motion to dismiss, which stated in pertinent part:

THF never executed the "Condominium Agreement," and does not acknowledge that the "Condominium Agreement" is an agreement between [Clayco] and THF

\* \* \* \* \* \*

The trial court heard and denied THF's motion to dismiss. In its order and judgment, the trial court stated the following:

If this Court were to dismiss [Clayco's] Petition on the grounds [Clayco] is bound by the arbitration provision, that ruling would not bind [THF] to arbitrate, as it disavows the contract. [Clayco] would, therefore, have no forum in which to bring its alleged grievances

\* \* \* \* \* \*

Clayco has filed a motion to dismiss THF's appeal for want of an appealable order, which was ordered taken with the case. Clayco has also filed a motion for sanctions against THF for prosecuting a frivolous appeal, which was also ordered taken with the case.

Because we find it to be dispositive, we initially address Clayco's motion to dismiss the appeal. Clayco argues in its motion and its memorandum in support thereof that THF did not ask the trial court to compel arbitration and its motion to dismiss Clayco's first amended petition expressly stated that THF does not acknowledge that the Condominium Agreement is an agreement between the parties. Therefore, the only order issued by the trial

court is an order denying THF's motion to dismiss, which is not an appealable order.

▇▇▇▇ The right to appeal is statutory, and an appeal may only be taken from a final judgment. *In re Trust of Bornefeld,* 36 S.W.3d 424, 426 (Mo.App. E.D.2001). The trial court's denial of a motion to dismiss is not a final judgment and is not reviewable. *Lesinski v. Joseph P. Caulfield & Associates, Inc.,* 12 S.W.3d 394, 396 (Mo.App. E.D.2000).

Section 435.440 RSMo 2002 (all further references herein shall be to RSMo 2002 unless otherwise indicated), which governs appeals from proceedings under the Missouri Uniform Arbitration Act (UAA), §§ 435.350–435.470, provides in pertinent part:

1. An appeal may be taken from:

(1) An order denying an application to compel arbitration made under [S]ection 435.355

\* \* \* \* \* \*

Section 435.355 provides in pertinent part:

1. On application of a party showing an agreement [to arbitrate], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied

\* \* \* \* \* \*

Likewise, pursuant to 9 U.S.C. § 16(a)(1) (1999) of the Federal Arbitration Act (FAA), an appeal may be taken from an order:

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration

\* \* \* \* \* \*

9 U.S.C. § 4 provides in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which ... would have jurisdiction ... for an order directing that such arbitration proceed in the manner provided for in such agreement ... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement

\* \* \* \* \* \*

■ When a party has the right to appeal a trial court's order denying its motion to compel arbitration under either the FAA or the UAA, it may do so if either statute applies to the circumstances of its case. *Reis v. Peabody Coal Co.,* 935 S.W.2d 625, 629 (Mo.App. E.D.1996).

■ Clayco and THF do not dispute that the issues presented in the underlying litigation concern interstate commerce. The FAA applies when a contract involves interstate commerce. *Strain–Japan R–16 School Dist. v. Landmark Systems, Inc.,* 51 S.W.3d 916, 919 (Mo.App. E.D.2001). We are bound to apply federal law and may not apply substantive or procedural state law which is in derogation of federal law. *Id.* at 920. We are not bound by the procedural provisions of the FAA, provided that Missouri's procedures do not defeat the rights granted by Congress. *Id.* In any event, whether the FAA or the UAA applies to the circumstances of this case, the same result would occur.

THF contends that this Court has jurisdiction to consider this appeal, because THF's motion to dismiss sufficiently raised the issue of arbitration. THF relies on *Mueller v. Hopkins & Howard, P.C.,* 5 S.W.3d 182 (Mo.App. E.D.1999) to argue that its motion to dismiss may be treated as a motion to compel, and, therefore, the trial court's denial of its motion to dismiss is appealable. A motion to dismiss may be treated as a motion to compel arbitration. *Id.* at 186. In *Mueller,* we found that a defendant's motion to dismiss, in which defendant alleged that the parties expressly agreed that any disputes under their agreement would be settled by arbitration, sufficiently raised the arbitration issue. *Id.* Consequently, its motion to dismiss was not an improper vehicle for requesting the trial court to compel arbitration. *Id.* Thus, the trial court's denial of defendant's motion to dismiss was final and appealable pursuant to Section 435.440, for the motion to dismiss was in substance a motion to compel. *Id.* Likewise, in *Mr. Mudd, Inc. v. Petra Tech, Inc.,* 892 S.W.2d 389, 390 (Mo.App. E.D.1995), defendants filed a motion to dismiss a breach of contract action, in which they claimed the alleged contract required plaintiff to submit any controversies or claims to arbitration and as such the court lacked jurisdiction to hear plaintiff's claims. *Id.* Their motion was denied and defendants subsequently filed an answer and consolidated counterclaim for breach of contract. *Id.* We found that the denial of defendants' motion to dismiss was erroneous notwithstanding defendants' failure to apply for a stay of trial pursuant to the FAA, because the motion to dismiss sufficiently raised the arbitration issue before the trial court. *Id.* at 391.

THF includes a footnote in its brief on appeal stating:

THF represented to the trial court and likewise informs this Court that it will

agree to arbitrate the dispute. In doing so, THF may still dispute the validity of the Condominium Agreement and the arbitrators are empowered to decide that issue once THF has consented to the jurisdiction of the arbitrator

\* \* \* \* \* \*

The record on appeal does not reflect that THF represented to the trial court its desire to arbitrate the dispute. Further, THF did not request the trial court to compel arbitration in its motion to dismiss and supporting memoranda. Therefore, we shall not consider THF's representation as contained in its footnote in our resolution of this issue. *8182 Maryland Associates, Ltd. Partnership v. Sheehan,* 14 S.W.3d 576, 587 (Mo.banc 2000).

▆ We find THF's motion to dismiss did not sufficiently raise the arbitration issue. We judge a pleading by its subject matter and not by its caption. *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo.banc 2000). Unlike the motions to dismiss in *Mueller* and *Mr. Mudd,* THF's motion to dismiss was not, in substance, a motion to compel arbitration. In fact, THF expressly stated in its motion to dismiss that it "never executed the 'Condominium Agreement' and does not acknowledge that the 'Condominium Agreement' is an agreement ..." between the parties. THF requested only that the trial court dismiss Clayco's first amended petition. As such, THF's motion to dismiss may not be treated as a motion to compel arbitration for purposes of this appeal. Hence, the denial of its motion to dismiss is not reviewable, and we dismiss its appeal for lack of an appealable order pursuant to Clayco's motion.

▆ We next address Clayco's motion for sanctions against THF for prosecuting a frivolous appeal. Rule 84.19 provides:

If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper.

An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed. *Johnson v. Aldi, Inc.,* 971 S.W.2d 911, 912 (Mo.App. E.D.1998). The purpose of sanctions is to: (1) prevent congestion of appellate court dockets with meritless cases, which, by their presence, contribute to delaying resolution of meritorious cases and (2) compensate respondents for the expenses they incur in the course of defending a meritless appeal. *Id.* We award damages under Rule 84.19 only with great caution lest we chill others from filing meritorious appeals. *Id.* at 912–13. THF's points on appeal are not so completely devoid of merit as to present no justiciable question. Hence, we deny Clayco's motion for sanctions.

Appeal dismissed.

GARY M. GAERTNER, SR. and MARY K. HOFF, JJ., concur.