FLEMING & HALL ADMINISTRA-
TORS, INC., Respondent,

v.

RESPONSE INSURANCE COMPANY,
Appellant.

No. WD 65943.

Missouri Court of Appeals,
Western District.

June 30, 2006.

Cathy Joy Pitman Dean, Kansas City, for Appellant.

Scott David Hofer, Kansas City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

## Introduction

Response Insurance Company appeals from an order of the trial court denying its motion to dismiss Fleming & Hall Administrators, Inc.'s, petition for damages. Appeal dismissed.

## Factual & Procedural Background

This cause of action arises out of a Claims Adjusting Service Agreement ("Agreement") entered into between Direct Response Corporation ("DRC"), and Fleming & Hall Administrators, Inc. ("F & H"). DRC is a Delaware holding company for several subsidiaries, including Response Insurance Company ("Response") and Warner Insurance Company ("Warner"). F & H was engaged by DRC to investigate, adjust, and administer claims made on automobile policies issued by DRC's subsidiaries in several states including Florida. The Agreement between DRC and F & H included an arbitration clause.

On March 5, 2002, a motorcycle collided with an automobile in Tarpon Springs, Florida, severely injuring the motorcycle driver and killing his wife. At the time of the collision, the driver of the automobile was insured under an automobile insurance policy issued by Warner. The driver of the motorcycle asserted claims against the driver of the automobile for his injuries, the wrongful death of his wife, and the property damage to his motorcycle.

Pursuant to the Agreement with DRC, F & H was directed to administer the claims.

Due to allegedly improper management of the claim, Response[1] and F & H were exposed to extra-contractual liability and the driver of the motorcycle demanded $1,200,000 to settle his claims. Response and F & H entered into a Joint Funding Agreement whereby Response and F & H, through its errors and omissions carrier, Employers Reinsurance Corporation ("ERC"), paid the settlement demand while each reserved their rights over who would ultimately bear liability for the money paid in excess of the policy's limits.

Pursuant to the Agreement, Warner sought to compel F & H to arbitrate in the Supreme Court of the State of New York, County of Westchester. The New York Court ordered F & H to submit to arbitration. Those arbitration proceedings are currently pending. F & H later filed this cause of action against Response in the Circuit Court of Jackson County, Missouri, on January 20, 2005, to recover all or a portion of the money F & H contributed to fund the settlement. Response moved to dismiss F & H's lawsuit and asserted, *inter alia*, that F & H must arbitrate its claims against Response because it agreed to resolve all of its disputes with Response through arbitration, not by litigation. On September 1, 2005, the trial court denied Response's motion to dismiss F & H's petition for damages, but did not state the basis for its decision. This appeal followed.

## Points Relied On

In its two points on appeal, Response asserts that the trial court erred in denying its motion to dismiss and not ordering F & H to submit their claims to arbitration

---

1. Although Response claims that it is not a proper party to this lawsuit, that issue is not before us on appeal and will not be addressed by this court.

because the arbitration clause contained in the Agreement between Response and F & H is mandatory and enforceable under the Missouri Uniform Arbitration Act and the Federal Arbitration Act. Because the denial of a motion to dismiss is not an appealable order, the question of whether Response's motion is, in substance, a motion to compel arbitration is determinative of this case. Thus, we will not reach the merits of Response's points on appeal.

## Discussion

Generally, a final judgment is a prerequisite to appellate review. *Cowger v. Livingston,* 182 S.W.3d 783, 788 (Mo.App. W.D.2006). "The right of appeal in Missouri is purely statutory . . . no appeal will lie from a ruling that does not constitute a final [judgment]." *Id.* at 786. The denial of a motion to dismiss is not a final, appealable judgment. *Bell Scott, LLC v. Wood, Wood & Wood Inv., Inc.,* 169 S.W.3d 552, 554 (Mo.App. E.D.2005). However, the denial of a motion to compel arbitration is final and appealable pursuant to section 435.440 RSMo. A motion to dismiss has been held appealable where, in substance, it is a motion to compel arbitration. *Clayco Constr. Co. v. THF Carondelet Dev., L.L.C.,* 105 S.W.3d 518, 523 (Mo. App. E.D.2003). A motion to dismiss is treated as a motion to compel arbitration where it sufficiently raises the arbitration issue before the trial court. *Id.*

F & H, relying on *Clayco Construction Co. v. THF Carondelet Development, L.L.C.,* 105 S.W.3d 518 (Mo.App. E.D. 2003), argues that Response's motion to dismiss should not be treated as a motion to compel arbitration because it did not sufficiently raise the arbitration issue before the trial court and, therefore, the appellate court lacks jurisdiction to hear Response's appeal because the denial of Response's motion to dismiss is not a final, appealable judgment. In *Clayco,* a subcontractor brought a breach of contract

action against a contractor, and the contractor filed a motion to dismiss alleging that the contract contained a mandatory arbitration clause. *Id.* at 520. The Eastern District found that because the record on appeal did not reflect that the contractor had represented to the trial court its desire to arbitrate the dispute and did not request the trial court to compel arbitration in its motion to dismiss or supporting memoranda, the contractor's motion to dismiss did not sufficiently raise the arbitration issue and was not, in substance, a motion to compel arbitration. *Id.* at 524. Therefore, the denial of the contractor's motion to dismiss was not reviewable. *Id.*

Response argues that F & H's reliance on *Clayco* is misplaced and that this case is more analogous to *Mueller v. Hopkins & Howard, P.C.,* 5 S.W.3d 182 (Mo.App. E.D. 1999). In *Mueller,* an employer appealed from the denial of its motion to dismiss which sought to compel arbitration in an action brought against it by a former employee. *Id.* at 184–85. The Eastern District found that because the motion alleged that under the agreement any disputes thereunder were to be settled by arbitration and requested the court to refer the employee's claims against it to arbitration, the employer's motion to dismiss sufficiently raised the arbitration issue. *Id.* at 186. Therefore, the motion to dismiss was not an improper vehicle for the employer to request that the trial court compel arbitration. *Id.* We decline to apply the *Mueller* principle to the facts and circumstances of this case.

Although Response's motion to dismiss and its suggestions in support allege that F & H's claims are subject to arbitration and the record reveals that Response, in a hearing before the trial court, requested that the trial court order that the action be submitted to arbitration, Response's motion and its suggestions in support requested only a dismissal and not an order

compelling arbitration. Because the desired relief was not requested and, thus, not apparent on the face of the motion, the allegations set forth in the motion and its suggestions in support did not sufficiently raise the issue of arbitration. Thus, Response's motion to dismiss was not, in substance, a motion to compel arbitration and the trial court's denial of Response's motion to dismiss is not reviewable by this court.

 Counsel should take note that a motion to dismiss is not the proper procedure to present a mandatory arbitration issue to the trial court after the initiation of litigation. The question of whether a motion to dismiss or in the alternative to compel arbitration is the correct procedure to present a mandatory arbitration issue to the trial court was addressed by this court in *State ex rel. St. Joseph Light & Power Co. v. Donelson,* 631 S.W.2d 887 (Mo.App. W.D.1982). There this court stated that "[r]elator Light & Power should have asked for a stay of proceedings pending the arbitration, not a dismissal or an order requiring arbitration. A motion for stay of proceedings has always been available and useful in certain situations. . . ." Id. at 892. Unlike this court in *St. Joseph Light & Power Co.,* we will not fashion the relief requested by Response where the allegations of the motion are insufficient to raise the issue of arbitration before the trial court and the relief sought is not embraced within the relief requested.

### Conclusion

The appeal is dismissed for lack of jurisdiction.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.